**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ARMANDO TORRES-ALVAREZ,
Petitioner,
v.
WARDEN, OTAY MESA DETENTION CENTER,
Respondent.

Case No.: 3:26-cv-03565-RBM-BJW

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**

**[Doc. 1]**

On June 15, 2026, Petitioner Armando Torres-Alvarez ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons set forth below, the Petition is **DISMISSED WITH LEAVE TO AMEND**.

## I. DISCUSSION

The Court must first screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019) [hereinafter "Habeas Rules"]; *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254."). Under these screening

requirements, a habeas petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Rule 2(c). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits" that such requirements are not met. Habeas Rule 4.

A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Dismissal does not bar the petitioner from seeking habeas relief in the future. *Sanders v. United States*, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas . . . is inherent in the very role and function of the writ.").

As a threshold matter, Petitioner has failed to comply with Habeas Rule 2(c) which "requires petitioner to sign and verify his habeas corpus petition." *Dixon v. Clark*, 714 F. Supp. 2d 1029, 1034 (C.D. Cal. 2010); *see also* 28 U.S.C. § 2254 (requiring a petition "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"); *id*. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). Petitioner did not sign or verify the Petition, and it is unclear whether Petitioner filed the Petition on his own behalf or if someone else filed it for him. "The district court may refuse to file, or may dismiss, an unsigned and unverified petition." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Additionally, Petitioner does not present a claim that would entitle him habeas relief

such as violation of a statute, the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, or the Administrative Procedure Act. Petitioner claims he was detained on January 13, 2026, on his way to the airport in Buffalo, New York. (Doc. 1 at 1.) Petitioner states that he complied with law enforcement when he was asked to provide [a] driver's license, insurance, and social security[,]" but was nonetheless arrested "without [being] provid[e] a lawful basis or explanation." (*Id.*) He also states that he has "strong family ties in the United States," a work permit, and no criminal record. (*Id.* at 2.) However, Petitioner provides no facts regarding his immigration status. For example, Petitioner does not state how long he has resided in the United States, when and where he entered the United States, the nature of his "immigration matters," whether he has received a bond hearing, or whether he was previously detained by Respondents and released on parole. Without this information, the Court cannot determine whether Respondents plausibly engaged in unlawful conduct. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.") (citation omitted).

Because Petitioner did not sign and verify the Petition, and he did not identify any grounds for habeas relief, Plaintiff has failed to meet the screening requirements. Accordingly, the Petition must be dismissed.[1]

## II. <u>CONCLUSION</u>

For the reasons above, the Petition (Doc. 1) is **<u>DISMISSED WITH LEAVE TO AMEND</u>**. Petitioner **<u>MAY FILE</u>** an amended petition addressing the issues identified above **<u>on or before July 31, 2026</u>**. The amended petition must be complete in itself and may not reference or incorporate any other prior filings.

Failure to file an amended petition **<u>on or before July 31, 2026</u>**, may result in

[1] Petitioner may be interested in contacting Federal Defenders of San Diego, Inc. to see if a Federal Defender can represent Petitioner in this matter.

dismissal of this action.

**IT IS SO ORDERED**.

DATE: June 30, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE